OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable C. H. Robinson, Secretary-Treasurer
The Texas State Board of Chiropody Examiners
Fair Building
Fort Worth, Texas

Dear Mr. Robinson:          Opinion No. O-3838

Re: Whether or not a member of the
Texas State Board of Chiropody
Examiners is entitled to re-
ceive for his services, travel-
ing expenses, and $10.00 per
diem going to the Board meet-
ings and returning therefrom,
in addition to the $10.00 a
day for time spent in actual
attendance at the Board meet-
ings, and likewise reimburse-
ment for depreciation on his
individual car used in travel-
ing to and from the meetings
of the Board.

Your letter of inquiry of date July 30, 1941, pre-
sents the following questions for an opinion from this Depart-
ment:

(1) Is such member of the Texas State Board of
Chiropody Examiners entitled to receive for his services
$10.00 a day going to the meetings of the Board and return-
ing to the place of his residence or practice, in addition
to the $10.00 a day for the time spent in attendance at the
Board meetings?; and,

(2) May the Board reimburse its members for depre-
ciation on their cars used in traveling to and from meetings
of the Board, on a mileage basis allowance, according to the
provisions of Article 4574?; and

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

(3) If so, what is the allowance per mile, permitted by this or any other statute of the State of Texas?

Article 4574 of the Revised Civil Statutes is as follows:

"COMPENSATION AND EXPENSES.--Each member of the board shall receive for his services ten dollars a day and necessary traveling and incidental expenses while actually engaged in the service of the board. The secretary shall receive his necessary expenses for services actually performed for the board. All printing, postage and other contingent expenses, necessarily incurred in administering this law shall be paid from the fees received by the board, and all expenses shall be itemized, verified, audited and an account kept thereof by the secretary of the board, who shall pay the same out of said fees which accrue to it."

We answer your questions as follows:

(1) The member is entitled to receive for his services $10.00 a day while actually engaged in the service of the Board. The service of the member begins on the day he actually leaves his home, or place of residence, for the bona fide purpose of attending the Board's meetings. The time thus expended by the member in going to or returning from the Board meetings is spent in the services of the Board as much so as is the time actually spent in Board meetings. In this connection the law knows no parts of days, and such member is entitled to the full sum of $10.00 for each day on which he has been in the services of the Board, whether the same be the entire day, a major fraction of a day, or a minor fraction of such day.

This department held in Opinion No. 0-1402, addressed to Honorable W. Lee O'Daniel, Governor of Texas, that:

"Where a statute fixes an officer's compensation at a certain sum per day, such officer, performing any substantial service on a particular day, has a right to receive his per diem compensation for that day, regardless of the length

Honorable C. H. Robinson - page 3

of time required for the performance of the
service or duty."

For this holding we cited State v. Hurn (Wash.)
172 Pac. 1147, 1 A. L. R. 274 and note.

(2) and (3) Article 1574, supra, directs that
"each member of the board shall receive . . . necessary
traveling and incidental expenses while actually engaged
in the service of the board." You state that members
are reimbursed for their bus or railroad fares when using
this mode of transportation. We believe such a practice
to be proper. In some instances, it may be more feasible
for a member to use his own automobile in going to or from
meetings or attending to other official business of the
board. The Legislature has long recognized the feasibility
of automobiles as a means of transportation by state offi-
cials and employees on their official business; in some
instances providing state-owned automobiles, and in others
authorizing the use of private automobiles and providing for
reimbursement for the expenses of their use while on state
business. We find a rider in the Departmental appropriation
bill (S. B. No. 423) passed by the 47th Legislature (which
rider has appeared in the preceding appropriation bills
for many years) which provides for reimbursement of expenses
incurred by State employees when using their own automobiles
in traveling on State business upon the following basis:

"Unless otherwise specifically provided by
the statutes, it is provided that any officer or
employee who travels on official State business
and who uses his own car while so doing shall be
reimbursed for the use of said car on the basis
of the total mileage traveled during any calendar
month at the following rate: Five cents (5¢) a
mile for the first thousand miles traveled, four
cents (4¢) a mile for the second thousand miles
traveled, and three cents (3¢) a mile for the
third thousand miles traveled, and two cents (2¢)
a mile for each mile traveled in excess of three
thousand miles."

While it does not expressly so state, the above rider
clearly contemplates that the sums provided shall include not

173

Honorable C. H. Robinson - page 4

only the cost of gasoline and oil actually consumed, but also reimbursement for the depreciation on the automobile occasioned by such travel.

Since S. B. 423, of which the above quoted rider is a part, does not include an appropriation to the Texas State Board of Chiropody Examiners, the rider would not be controlling as to expenditures of your board. We quote the rider only by way of illustration to show that the Legislature has regarded depreciation on personal automobiles as a proper item of traveling expense. We believe therefore, that it would be proper for your board to adopt a regulation along the lines of the above quoted rider (though not necessarily identical therewith) in order to provide a reasonable basis for reimbursing members of the board for traveling expenses when they use their own automobiles on trips involving the official business of the board.

APPROVED SEP 2, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

WRK:WFS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Walter R. Koch*
Walter R. Koch
Assistant

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE